## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

*Filed Electronically*

| | |
|---|---|
| **JASON FARMER** ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** 3:24-CV-460-CHB |
| ) | |
| ) | |
| **UNITED PARCEL SERVICE CO.** ) | |
| ) | |
| and ) | |
| ) | |
| **UNITED PARCEL SERVICE, INC.** ) | |
| ) | |
| **DEFENDANTS** ) | |
| ) | |

### NOTICE OF REMOVAL

Defendants, United Parcel Service Co. ("UPS Co.") and United Parcel Service, Inc. ("UPS, Inc.") (collectively "Defendants"), by and through counsel, and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby notify this Court that they are removing the above-captioned action, currently pending as Civil Action No. 24-CI-004946 in the Jefferson Circuit Court, Division Seven (7), in Jefferson County, Kentucky. As grounds for removal, Defendants hereby state as follows:

1.  On July 16, 2024, Plaintiff, Jason Farmer, filed a lawsuit in the Jefferson Circuit Court, in Jefferson County, Kentucky styled *Jason Farmer v. United Parcel Service Co. and United Parcel Service, Inc.*, Case No. 24-CI-004946 ("Civil Action"). **Exhibit 1, Complaint**. The claims asserted in the Civil Action arise out of Plaintiff's employment with and separation from UPS, Inc.

2. Defendants' Registered Agent was served, by certified mail, with Plaintiff's Complaint on July 19, 2024.

3. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446, as it was filed on August 8, 2024, which is within thirty (30) days of service.

4. Defendants have not been served with any other paper, pleading, or orders in this matter and has not filed any paper or pleading in that action.

5. Consistent with 28 U.S.C. § 1446(a), true and correct copies of the pleadings in the state court action are attached and incorporated herein as **Exhibit 2, State Court Record.**

6. The above-described Civil Action is one that may be removed by Defendants consistent with the provisions of 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 on the bases of federal question, supplemental, and diversity jurisdiction.

## Diversity Jurisdiction

7. There is complete diversity between the parties to this lawsuit.

8. According to the Complaint, Plaintiff is a resident of Utah. *See* **Exhibit 1, Complaint** at ¶ 2. The undersigned counsel has no knowledge of Plaintiff's citizenship changing between the time the case was filed and the time of filing this Notice of Removal.

9. UPS Co. is incorporated under the laws of the state of Delaware, with its principal place of business located at 55 Glenlake Parkway NE, Atlanta, Georgia 30328.

10. UPS, Inc. is incorporated under the laws of the state of Ohio, with its principal place of business located at 55 Glenlake Parkway NE, Atlanta, Georgia 30328.

11. For purposes of determining diversity of citizenship, a corporation is considered a citizen of both its place of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

12. Because UPS Co. is a corporation organized under the laws of Delaware with a principal place of business in Georgia, it is deemed a citizen of Delaware and Georgia.

13. Because UPS, Inc. is a corporation organized under the laws of Ohio with a principal place of business in Georgia, it is deemed a citizen of Ohio and Georgia.

14. Accordingly, complete diversity exists between Plaintiff and Defendants because Plaintiff is a citizen of Utah, UPS Co. is a citizen of Delaware and Georgia, and UPS, Inc. is a citizen of Ohio and Georgia.

15. Additionally, exclusive of interests and costs, the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).

16. Specifically, as stated in his Complaint, Plaintiff seeks an award of "money damages for back pay, front pay, and humiliation and embarrassment," as well as costs, expenses, and attorney's fees. *See* **Exhibit 1,** Complaint at p. 12.

17. Thus, while Defendants deny any and all liability to Plaintiff, for purposes of ascertaining the amount in controversy, the total damages at issue in this case satisfy the jurisdictional threshold. Conservatively, Plaintiff's requested damages and attorney's fees surpass $75,000.

18. Accordingly, because there is complete diversity of citizenship between the parties and, exclusive of interest and costs, the amount in controversy exceeds $75,000, this Civil Action could have been brought before this Court pursuant to 28 U.S.C. § 1332(a). Therefore, Defendants may remove this Civil Action pursuant to 28 U.S.C. § 1441(a).

## Federal Question Jurisdiction

19. In his Complaint, Plaintiff alleges violations of KRS § 344.040. *See* **Exhibit 1, Complaint**. Specifically, Plaintiff alleges that Defendants discriminated against him on the basis of his age and disability. *Id.*

20. Although the Complaint appears to present claims arising solely under Kentucky law, the evidence shows that all of Plaintiff's claims raised in the Complaint are completely dependent on a collective bargaining agreement under the Railway Labor Act, 45 U.S.C. § 151, *et seq*.

21. Accordingly, Plaintiff's state law claims are preempted by federal labor laws, including the Railway Labor Act, 45 U.S.C. § 151, *et seq.*, and the Complaint raises a federal question.

22. Thus, pursuant to 28 U.S.C. § 1331, this Court has original subject matter jurisdiction over the Civil Action. Therefore, Defendants may remove this Civil Action pursuant to 28 U.S.C. § 1441(a).

## Compliance with 28 U.S.C. § 1441

23. The United States District Court for the Western District of Kentucky is the proper judicial district for this Civil Action because it presides over the county within which the Complaint was filed and where the action is currently pending. *See* 28 U.S.C. § 1441(a).

24. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place, Jefferson County, where the action is pending.

25. The Louisville Division is the proper division within the district pursuant to Local Rule 3.1(b)(1).

26. Thus, this Notice of Removal comports with the requirements of 28 U.S.C. § 1441.

## Conclusion

27. By virtue of this Notice of Removal, Defendants do not waive their right to respond to the Complaint and/or assert any claims, defenses, or to file other motions.

28. This action is not an action described in 28 U.S.C. § 1445.

29. This Notice of Removal will be served on all adverse parties in accordance with 28 U.S.C. § 1446.

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing of this Notice of Removal, without exhibits, is being electronically filed with the Clerk of the Jefferson County Circuit Court, and a copy of the same is being electronically served upon all adverse parties. **Exhibit 3, Notice of Removal (Jefferson County Circuit Court).**

WHEREFORE, Defendants hereby give notice of the removal of this action from the Circuit Court of Jefferson County, Kentucky, to this Court for all further proceedings.

Respectfully submitted,

*/s/ Trent A. Taylor*
Michelle L. Duncan
Trent A. Taylor
Dinsmore & Shohl LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 581-8000
Facsimile: (502) 581-8111
michelle.duncan@dinsmore.com
trent.taylor@dinsmore.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2024, the foregoing was filed with the Clerk of Court using the Court's electronic filing system, which will send notification of such filing to the following attorney(s) of record:

Samuel G. Hayward Jr.
401 West Main Street, Suite 1400
Louisville, Kentucky 40202
(502) 366-6456
*Counsel for Plaintiff*

                                                           */s/ Trent A. Taylor*
                                                         *Counsel for Defendants*